IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTERRIAN MOORE, #K-76278, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−01720−MJR |
| ) | |
| IDOC, PINCKNEYVILLE ) | |
| CORRECTIONAL CENTER, ) | |
| K. JAIMET, LARUE LOVE, ) | |
| PULLMAN, WEBB, JOHN DOE #2, ) | |
| and I.A. OFFICER,[1] ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Anterrian Moore, an inmate who is currently incarcerated in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that officials at Pinckneyville Correctional Center ("Pinckneyville") failed to protect him from an attack by his cellmate and then disciplined him with segregation for defending himself. (Doc. 1, pp. 6-8). He seeks monetary damages and expungement of the disciplinary ticket. (Doc. 1, p. 9).

This case is now before the Court for preliminary review of the Complaint. The Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint must be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff uses generic designations (*e.g.*, "John/Jane Doe") to refer to defendants he has also identified by name in the Complaint. The Court will refer to each defendant by the more specific name herein.

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On May 1, 2018, Plaintiff notified C/O Pullman that his cellmate was threatening to strangle him in his sleep using a cable cord. (Doc. 1, p. 6). Pullman reported these threats to Lieutenant Webb, who arranged for a meeting with internal affairs ("I.A.") the same day. *Id*. After interviewing Plaintiff, an Unknown I.A. Officer (also referred to as "John Doe #2") offered him two options: (1) he could refuse housing, which would result in a new cell assignment only after he was punished with a month of segregation for a disciplinary violation; or (2) he could sign a release stating that he did not fear for his safety and return to his cell. *Id*. Plaintiff reluctantly chose the second option. *Id*. He was attacked on May 29, 2018. *Id*. at 7. When Plaintiff defended himself, he was placed in segregation. *Id*. Plaintiff sustained "minor" scrapes and bruises and a "major" back injury, for which he was denied timely treatment by "healthcare." *Id*. at 8. After filing more than ten grievances, Plaintiff was finally given Ibuprofen and Motrin by a nurse on July 2, 2018. *Id*. He maintains that the entire debacle could have been avoided by separating the inmates in early May. (Doc. 1, pp. 6-8).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Defendants for failing to intervene and protect Plaintiff when his cellmate threatened to strangle him on May 1, 2018.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Defendants for delaying Plaintiff's treatment for injuries he sustained in the attack by his cellmate on May 29, 2018.**
>
> **Count 3:** **Fourteenth Amendment claim against Defendants for punishing Plaintiff with segregation for defending himself from attack by his cellmate on May 29, 2018.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claim mentioned in the Complaint and not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

**Count 1**

To state an Eighth Amendment failure-to-protect claim, a plaintiff must show that the defendants knew of and disregarded a substantial risk of serious harm to the plaintiff. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citations omitted); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Because prisons are inherently dangerous places, a generalized risk of violence is not enough to support a claim. *Id*. at 589 (citation omitted). A plaintiff must demonstrate the existence of a tangible threat to his safety or well-being. *Santiago*, 599 F.3d at 758. The specific threat described by Plaintiff satisfies this standard at screening. However, the only defendant who knew of and disregarded the threat appears to be the Unknown I.A. Officer, who responded to Plaintiff's request for protection by forcing him to choose between disciplinary action and his own safety.

The Complaint fails to state a claim in Count 1 against Pullman and Webb, who responded to Plaintiff's request for protection without delay and were not mentioned in connection with later events; Warden Jaimet and Assistant Warden Love, who were not mentioned in the statement of claim at all, *see Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely invoking the name of a potential defendant is not sufficient to state a claim); and Pinckneyville and IDOC, neither of which are "persons" subject to a § 1983 suit for money damages, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Amendment bars suits against states in federal court for money damages). Count 1 shall proceed against Unknown I.A. Officer and be dismissed against all other defendants.

## Counts 2 and 3

Counts 2 and 3 do not survive screening because Plaintiff fails to mention the named defendants in connection with either claim. Individual liability under § 1983 requires personal involvement in a constitutional deprivation. *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) (citation omitted). A plaintiff must demonstrate a causal connection between the sued officials and the alleged misconduct. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Plaintiff asserts that he was denied medical treatment by "healthcare," a "doctor," and a "nurse," but he names none of these individuals as defendants. He mentions no one in connection with the disciplinary ticket or punishment he received. Both claims shall therefore be dismissed.

## Identification of Unknown Defendant

Service of this suit on Defendant Unknown I.A. Officer is not possible until this individual is identified. Plaintiff shall have the opportunity to engage in limited discovery to ascertain his or her identity. *Rodriguez*, 577 F.3d at 832. Warden Jaimet is already named as a defendant, and the warden shall remain named in his or her official capacity for purposes of responding to discovery aimed at identifying the unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of this individual is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## Pending Motion

Plaintiff's pending Motion for Attorney Representation (Doc. 4) is **DENIED** without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff discloses no efforts to locate

counsel and cites no impediments to self-representation, beyond his education. He otherwise appears capable of proceeding *pro se*, given his coherent pleadings and straightforward claim.

## Disposition

The Clerk is directed to **TERMINATE** Defendants **IDOC, PINCKNEYVILLE CORRECTIONAL CENTER, JAIMET (individual capacity only), LOVE, PULLMAN, WEBB,** and **JOHN DOE #2**[3] and **ADD** Defendant **JAIMET (official capacity only)** as parties. Warden Jaimet must timely respond to discovery aimed at identifying Unknown I.A. Officer.

**IT IS ORDERED** that **COUNT 1** survives screening against Defendant **UNKNOWN I.A. OFFICER**. All other claims against this defendant are **DISMISSED** without prejudice.

**IT IS ORDERED** that **COUNTS 1, 2,** and **3** are **DISMISSED** without prejudice against Defendants **LOVE, PULLMAN, WEBB,** and **JAIMET** and with prejudice against Defendants **IDOC** and **PINCKNEYVILLE CORRECTIONAL CENTER** for failure to state a claim.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendant **WARDEN JAIMET (official capacity only)** and **UNKNOWN I.A. OFFICER (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[3] John Doe #2 is the same person as Unknown I.A. Officer. The Court has directed the Clerk to terminate John Doe #2 as defendant and use the more specific designation of "Unknown I.A. Officer."

**IT IS FURTHER ORDERED** that service shall not be made on Defendant **UNKNOWN I.A. OFFICER** until Plaintiff has identified this defendant by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or formally effecting service. Any documentation of the address shall be retained by the Clerk, but not maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall

pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/7/2018**

s/**MICHAE J. REAGAN**
**U.S. District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.