IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

DEFENDANTS'
EXHIBIT
A

| | | |
|---|---|---|
| ANTERRIAN MOORE, #K76278, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 18-01720-NJR-MAB |
| IDOC, et al., | ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF CHALENE HALE

I, Chalene Hale, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and, pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I have been a Grievance Officer at Pinckneyville Correctional Center since March 2018. I have been employed by the Department in various capacities since 2000. In performing my duties as a Grievance Officer, among other things, I maintain a thorough knowledge of the operations and record keeping of the Grievance Logs and review grievances filed by Department inmates in the manner set forth herein.

2. Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F, Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his counselor. If the grieved issue remains unresolved after such informal efforts, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and if appropriate, recommended relief is forwarded to the CAO. The CAO's or CAO's designee's decision is then submitted to the grieving inmate.

3. If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting to the ARB the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendation to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provides no further means for review beyond this step.

4. Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

a. Decisions involving the involuntary administration of psycho-tropic medication;

b. Decisions regarding protective custody placement, including continued placement in or release from protective custody;

c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

d. Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

5. An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Grievance Officer, who will then forward the grievance to the CAO. If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance shall be handled on an emergency

basis. If the CAO declares that the grievance does not present an emergency, the inmate is advised that he must resubmit his grievance to the counselor and Grievance Officer for consideration through the normal grievance process as outlined in paragraph 2. At the conclusion of that process, the inmate may appeal to the ARB as outlined in paragraph 3.

6. The grievance procedure may not be utilized for complaints regarding decisions that are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

7. At the request of the Attorney General's Office, I have searched the Grievance Logs records in regards to Inmate ANTERRIAN MOORE, #K76278. I was asked to look specifically for any grievances in 2018 relating to complaints against IA Officer Dustin Bowles involving Plaintiff's cell placement or placement or safety concerns regarding Mr. Moore's cellmate. ANTERRIAN MOORE, #K76278, filed an emergency grievance dated June 7, 2018, to the warden. That grievance was deemed not to be an emergency. Mr. Moore filed another grievance that was received in the grievance office on June 7, 2018, regarding personal property. This was denied. I have not found any other grievances on these issues filed by Plaintiff with the grievance officer during this time period.

8. Inmates at Pinckneyville have the ability to file grievances no matter where they reside at the facility.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this ___19th___ day of ___August___, 2019

/s/Chalene Hale

Chalene Hale
Grievance Officer