IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

ANTERRIAN MOORE, #K76278,            )
                                      )
       Plaintiff,                    )
                                      )
vs.                                   )   Case No. 18-01720-NJR-MAB
                                      )
IDOC, et al.,                         )
                                      )
       Defendants.                   )

DEFENDANTS'
EXHIBIT
B

## DECLARATION OF SARAH JOHNSON

       I, Sarah Johnson, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and, pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

       1.    I have been a Chairperson for the Administrative Review Board in the Office of Inmate Issues, in the Illinois Department of Corrections ("the Department") since April, 2008. I have been employed by the Department in various capacities since July 2001. In performing my duties as a Chairperson of the Administrative Review Board, among other things, I maintain a thorough knowledge of the operations and record keeping of the Department's Administrative Review Board ("ARB"), which reviews grievances filed by Department inmates in the manner set forth herein.

       2.    Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F, Grievance Procedures for Committed Persons. In April 1, 2017, the Illinois grievance procedures changed. As of April 1, 2017, inmates must file an original grievance with their Counselor, rather than just discussing the issue with their counselor informally. If the grieved issue remains unresolved, the inmate may submit that same original written grievance form with the Counselor's response to the facility Grievance Officer designated by the Chief

Administrative Officer ("CAO") within sixty days of the incident or becoming aware of the incident. The Grievance Officer may could personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and if appropriate, recommended relief is forwarded to the CAO. The CAO's or CAO's designee's decision is then submitted to the grieving inmate.

    3. If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting to the ARB the Grievance Officer's report and CAO's decision within 30 days of the CAO's decision. The ARB, as the Director's designee, reviews the appeal and determines whether the inmate's grievance can be handled without the necessity of a hearing. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and possibly calling witness, at the ARB's discretion. The ARB submits a written report of its findings and recommendation to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provided no further means for review beyond this step.

    4. Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

        a. Decisions involving the involuntary administration of psycho-tropic medication;

  b. Decisions regarding protective custody placement, including continued placement in or release from protective custody;

  c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

  d. Other issues except personal property issues and medical issues which pertain to a facility other than the facility where the inmate is currently assigned.

5. An inmate could request a grievance be handled on an emergency basis by marking the original grievance as an emergency and forwarding the grievance directly to the CAO rather than to a counselor or Grievance Officer. If the CAO determined that there was a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance shall be handled on an emergency basis. If the CAO declared that the grievance does not present an emergency, the inmate received the grievance deemed not an emergency by the CAO and must resubmit his original grievance to the counselor and/or Grievance Officer for consideration through the normal grievance process as outlined in paragraph 2. At the conclusion of that process, the inmate could appeal to the ARB as outlined in paragraph 3.

6. The grievance procedure may not be utilized for complaints regarding decisions that are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

7. At the request of the Attorney General's Office, the Administrative Review Board was asked to search the ARB's records in regards to Inmate ANTERRIAN MOORE, #K76278. I was asked to look specifically for any grievances in 2018 relating to complaints against IA Officer Dustin Bowles involving Plaintiff's cell placement or placement or safety concerns regarding Mr. Moore's cellmate. Plaintiff directly appealed one grievance concerning this issue to the ARB in

Case 3:18-cv-01720-NJR-MAB Document 49-2 Filed 08/22/19 Page 4 of 4 Page ID #139

2018. This grievance was dated June 7, 2018, and was regarding an incident with the cellmate of ANTERRIAN MOORE, #K76278. The grievance was received June 18, 2018. Mr. Moore failed to include a facility response. The appeal was denied due to it not being exhausted at the facility level. In December 2018, Mr. Moore requested a response. He was instructed that the response was sent to him in June 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __20__ day of __August__, 2019.

/s/Sarah Johnson
_____
Sarah Johnson
Chairperson of the Administrative Review Board